**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelli Nicole Stoner,<br><br>                Plaintiff,<br><br>v.<br><br>Arizona Department of Economic Security, et. al.,<br><br>                Defendants. | No. CV-24-1034-PHX-DGC<br><br>**ORDER** |

Pro se Plaintiff Kelli Stoner has filed a complaint against Defendants Arizona Department of Economic Security ("ADES"), Governor Katie Hobbs, and unnamed federal agents. Doc 1. She has also filed a motion to proceed in forma pauperis ("IFP"). The Court will grant the motion, screen the complaint, and dismiss the complaint with leave to amend.

**I.    IFP Motion.**

Plaintiff presents an affidavit indicating that she is unemployed and has no income, assets, or home. Doc. 2 at 1-2. Plaintiff has shown that she cannot pay or give security for fees and costs and still provide herself and her minor dependent (H.A.S.) with life's necessities. *See Adkins v. E. I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1943). The IFP motion will be granted.[1]

---

[1] Plaintiff has filed a number of lawsuits in this district. *See, e.g.*, *Stoner v. State of Arizona, et. al.*, No. 2:23-cv-01065-SMM (D. Ariz. June 12, 2023); *Stoner v. Kathopoulis et. al.*, No. 2:23-cv-01066-DLR (D. Ariz. June 12, 2023); *Stoner v. Peoria*

## II. Screening IFP Complaints.

In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2). Although much of § 1915 concerns prisoner litigation, § 1915(e) applies to all IFP proceedings. *Calhoun v. Stahl*, 254 F.3d 846 (9th Cir. 2001). Section 1915(e) requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain . . . a *short and plain* statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (emphasis added). Rule 8(d) provides that each paragraph "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The short and plain statement "need not contain detailed factual allegations; rather, it mut plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."). And Rule 10(b) requires the plaintiff to state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

## III. Plaintiff's Complaint.

Plaintiff asserts claims for violations of state and federal law associated with her attempts to receive rental assistance from state and federal programs during the COVID-19 pandemic. Doc. 1 at 27-30. The factual background of this case is described by Judge McNamee in one of his orders dismissing Plaintiff's complaint in *Stoner v. State of Arizona, et. al.*, No. 2:23-cv-01065-SMM (D. Ariz. June 30, 2023) (*Stoner I*) (Doc. 6).

Plaintiff filed *Stoner I* in June 2023, seeking monetary damages, declaratory relief, and an injunction against ADES and the State of Arizona. *Stoner*, No. 2:23-cv-01065-

*Nissan, et. al.*, No. 2:24-cv-00421-GMS (D. Ariz. Feb. 29, 2024).

SMM (D. Ariz. June 12, 2023) (Doc. 1).  Her claims arose of the same facts as this case. She sought review of the decision of an administrative law judge, and asserted claims under 42 U.S.C. § 1983 and Arizona tort law.  *Id.*  Judge McNamee granted Plaintiff IFP status and dismissed the defendants with prejudice because Plaintiff had not shown a waiver of sovereign immunity.  He dismissed the remainder of the *Stoner I* complaint without prejudice and with partial leave to amend.  *Stoner*, No. 2:23-cv-01065-SMM (D. Ariz. June 30, 2023) (Doc. 6).

Plaintiff filed a first amended complaint ("FAC") in August 2023, alleging claims against ADES and arguing that the state's sovereign immunity had been waived.  *Stoner*, No. 2:23-cv-01065-SMM (D. Ariz. Aug. 1, 2023) (Doc. 11).  Judge McNamee again dismissed the complaint on sovereign immunity grounds.  *Stoner*, No. 2:23-cv-01065-SMM (D. Ariz. Aug. 31, 2023) (Doc. 15).  The case was terminated without prejudice in November 2023 when Plaintiff failed to file a second amended complaint.

Plaintiff commenced this case on May 6, 2024.  She again sues ADES and has added official and personal capacity claims against Governor Hobbs and unnamed federal employees.

### A.  Res Judicata.

Res judicata, or claim preclusion, bars parties from re-asserting the same claims that were or could have been adjudicated in an earlier action between the parties.  It applies when there is (i) an identity of claims between the prior and subsequent actions; (ii) a final judgement on the merits; and (iii) identity or privity between the parties.  *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n.3 (9th Cir. 2002).  Because Plaintiff sought relief from the State based on the same facts in *Stoner I*, her official capacity claims against Governor Hobbs are barred by res judicata.

#### 1.  Identity of Claims.

"Identity of claims exists when two suits arise from 'the same transactional nucleus of facts.'"  *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244

3

F.3d 708, 713 (9th Cir. 2001)). "Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Id.* It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought. *C.D. Anderson & Co. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987).

*Stoner I* and this case arise from the same facts. Plaintiff attempted to take advantage of the Emergency Rental Assistance Program ("ERAP"), a federal program to help renters during the COVID-19 pandemic. Initially, ADES chose not to make ERAP funds available to Phoenix residents. In June 2021, Phoenix residents were able to apply for utility assistance through ERAP and Plaintiff did so successfully. In June 2022, the program was expanded to provide rental assistance to Phoenix residents and Plaintiff applied for the program. ADES provided conflicting information to Plaintiff as her application was processed, at times telling her she was denied assistance while requesting further documentation for her application, and requiring her to appeal the denial before ultimately approving her application. In December 2022, Plaintiff was found eligible to receive 18 months of rental assistance. She filed a recertification to continue receiving payments in February 2023, and in March ADES announced the program was coming to an end. The following month ADES approved Plaintiff's recertification, but notified her it had recalculated her eligibility and that she had reached the maximum assistance she was allowed to receive. Plaintiff appealed, and an administrative law judge ("ALJ") affirmed ADES's conclusion. *See* Doc. 1 at 27-36; *Stoner*, No. 2:23-cv-01065-SMM at 2-5 (D. Ariz. June 12, 2023) (Doc. 1).

While Plaintiff's current complaint provides more detail on her communications with ADES and statements made during the hearing with the ALJ, it rests on the same factual background as *Stoner I*. In both suits Plaintiff alleges violations of 42 U.S.C. § 1983. This case also alleges claims under 42 U.S.C. §§ 1981, 1985, and 1986, the Social Security Act, the Labor-Management Reporting and Disclosure Act, contract law,

and tort law, but these claims arise from the same facts alleged in *Stoner I*. Plaintiff could have raised them in her first suit. *See Bush v. Croft Enters. LLC*, No. 21-CV-04174, 2021 WL 7448626 (N.D. Cal. June 21, 2021), *report and recommendation adopted*, 2021 WL 7448616 (N.D. Cal. Oct. 28, 2021) ("Although Plaintiff seeks to assert a claim against Defendants under . . . RICO . . . this claim is based on the same nucleus of facts he alleged in *Bush I*. Plaintiff could have pursued his RICO claim in *Bush I*. Therefore, the Court finds that this second action is barred by res judicata."); *Love v. Macomber*, No. 2:23-cv-00790, 2023 WL 3645515 (E.D. Cal. May 25, 2023); *Kandi v. Heritage Fin. Corp.*, No. C16-5648, 2016 WL 9456362 (W.D. Wash. Aug. 2, 2016), *aff'd*, 692 F. App'x 415 (9th Cir. 2017) ("And while Kandi has added to the laundry list of claims asserted, each claim arises out of the exact same facts[.]"). The first requirement of res judicata – identify of claims – is satisfied.

### 2. Final Judgment on the Merits.

In *Stoner I*, Judge McNamee dismissed with prejudice Plaintiff's claims against the State on sovereign immunity grounds. *Stoner*, No. 2:23-cv-01065-SMM at 5 (D. Ariz. June 30, 2023) (Doc. 6). A dismissal for failure to state a claim on which relief may be granted serves as a final judgment on the merits. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) ("Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a judgment on the merits to which res judicata applies."); *see also McKenzie v. Soc. Sec. Admin.*, No. 1:23-CV-01620, 2024 WL 233181 at *2-3 (E.D. Cal. Jan. 22, 2024) (finding that res judicata barred suit where claims had previously been raised in another court and were dismissed on sovereign immunity grounds); *Jones v. San Diego Metro. Transit Sys.*, No. 14-CV-1778, 2016 WL 3952154 at *3 (S.D. Cal. July 22, 2016) ("[A] court's dismissal on Eleventh Amendment grounds . . . constitute[s] a final judgment on the merits."). With the respect to claims against the State, the second requirement for res judicata is satisfied.

### 3. Privity of the Parties.

"Privity exists when there is a 'substantial identity' between parties, that is, when

5

there is sufficient commonality of interest." *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983). Suing a government official in her official capacity is the same as suing the government directly, and privity therefore exists between official capacity claims and claims against the state. *See Minor v. Shulman*, No. CV 09-01799, 2009 WL 10675229 at *5 (C.D. Cal. June 1, 2009). Plaintiff's official-capacity claims against the Governor in this case and her claims against the State in *Stoner I* satisfy the privity requirement of res judicata. Her official capacity claim will be dismissed on res judicata grounds.[2]

### B. ADES is a non-jural entity.

"Governmental entities have no inherent power and possess only those powers and duties delegated to them by their enabling statutes. Thus, a governmental entity may be sued only if the legislature has so provided." *Braillard v. Maricopa Cnty.*, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010) (cleaned up). There must be specific statutory authority for such a suit. *Id.* Courts in this district have held that ADES is a non-jural entity. *D'Agostino v. Arizona Dep't of Econ. Sec.*, 623 F. Supp. 3d 1009, 1013 n.4 (D. Ariz. 2022) ("The Arizona legislature has not given [A]DES authority to sue or be sued, making [A]DES a non-jural entity."); *Nelson v. Arizona Dep't of Econ. Sec.*, No. CV-20-02178, 2021 WL 3472742 (D. Ariz. Aug. 6, 2021), *aff'd*, No. 21-16434, 2022 WL 4354369 (9th Cir. Sept. 20, 2022) (same). Because it cannot be sued, Plaintiff's claims against ADES must be dismissed with prejudice.

### C. Rule 8.

Plaintiff's complaint is 68 pages long and contains almost 200 paragraphs of factual allegations and claims. Doc. 1.[3] The complaint contains fifteen claims, and these do not begin until page 38. *Id.* The complaint is not the "short and plain" statement of

---

[2] Res judicata does not apply to the claims against Governor Hobbs in her personal capacity. *See* C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4458 (3d ed. 2002) ("The relationships between a government and its officials justify preclusion only as to litigation undertaken in an official capacity.").

[3] Though the majority of the complaint uses numbered paragraphs, pages 31 through 37 contain bulleted paragraphs.

claims required by Rule 8. As a result, responding to the complaint and dealing with potential motions will be exceedingly difficult. *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) ("Prolix, confusing complaints . . . impose unfair burdens on litigants and judges."). The Court will dismiss the remainder of Plaintiff's complaint without prejudice for failure to comply with Rule 8. Because the pleading deficiencies could be cured by a revised complaint, the Court will grant Plaintiff an opportunity to amend. *Lopez*, 203 F.3d at 1127-29. Plaintiff may file an amended complaint by **June 26, 2024**.

### IV.     Plaintiff's Duties and Responsibilities.

If Plaintiff elects to file an amended complaint, she should file a short and plain statement of the claims she is asserting, identify the defendants whom she is suing in each claim, and describe the alleged wrongdoing that gives rise to each defendant's liability for each claim.

#### A.     Plaintiff Must Follow the Rules.

This Circuit has made clear that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Attiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *see United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (pro se litigants are subject to the same good faith limitations imposed on lawyers); *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (pro se litigants should not be treated more favorably than parties represented by attorneys). Plaintiff therefore is required to become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office.[4]

#### B.     Service of Process.

Plaintiff is responsible for having the summons and complaint properly served on Defendants within the time allowed by Federal Rule of Civil Procedure 4(m).

---

[4] The Local Rules are also available online at http://www.azd.uscourts.gov/local-rules.

7

**C.  Possible Dismissal.**

If Plaintiff fails to prosecute this action or to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (a district court has inherent power to dismiss a case for failure to prosecute).

**IT IS ORDERED:**

1. Plaintiff's IFP motion (Doc. 2) is **granted**.
2. Plaintiff's complaint (Doc. 1) is **dismissed without prejudice**.  Claims against ADES and Katie Hobbs in her official capacity are **dismissed with prejudice.**
3. Plaintiff shall have until **June 26, 2024** to file an amended complaint.  If Plaintiff fails to file an amended complaint by that date, the Clerk is instructed to dismiss this case and close the file.

Dated this 29th day of May, 2024.

David G. Campbell
Senior United States District Judge