**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelli Nicole Stoner, | No. CV-24-1034-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Department of Economic Security, et. al., | |
| Defendants. | |

In May 2024, Plaintiff Kelli Stoner filed a pro se complaint against Defendants Arizona Department of Economic Security ("ADES"), Governor Katie Hobbs, and unnamed federal agents. Doc 1. The Court granted Plaintiff leave to proceed in forma pauperis ("IFP") and dismissed the complaint with leave to amend. Doc. 7. Plaintiff filed a First Amended Complaint ("FAC") on June 28, 2024 against Defendants Maricopa County and Governor Hobbs. Doc. 8.

**I.      Screening of IFP Complaints.**

In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2). Although much of § 1915 concerns prisoner litigation, § 1915(e) applies to all IFP proceedings. *Calhoun v. Stahl*, 254 F.3d 846 (9th Cir. 2001). Section 1915(e) requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

## II. Plaintiff's Complaint.

Plaintiff asserts claims for violations of state and federal law associated with her attempts to receive rental assistance from state and federal programs during the COVID-19 pandemic. Doc. 8 at 8-15.[1] The factual background of this case is described in the Court's order dismissing Plaintiff's original complaint (Doc. 6), and by Judge McNamee in one of his orders dismissing Plaintiff's complaint (*Stoner v. State of Arizona, et. al.*, No. 2:23-cv-01065-SMM (D. Ariz. June 30, 2023) (Doc. 6)).

Plaintiff commenced this case on May 6, 2024, seeking monetary damages, declaratory relief, and an injunction against ADES, unnamed federal agents, and Governor Hobbs in her official and personal capacities. Doc. 1. The Court found Plaintiff's official capacity claims against Governor Hobbs barred by the doctrine of *res judicata*, her personal capacity claims against the Governor and claims against the federal agents insufficient under Federal Rule of Civil Procedure 8, and that ADES is a non-jural entity that cannot be sued. Doc. 6 at 3-8. Plaintiff's FAC asserts state and federal claims against Defendants Maricopa County and Governor Hobbs. Doc. 8.

Pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. Of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.

### A. *Bivens* and Section 1983 Claims (Counts 1 and 2).

Plaintiff asserts a claim against Governor Hobbs under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Doc. 8 ¶¶ 75-82 (count one). A *Bivens* claim must allege a violation of federal constitutional rights by agents acting under the color of federal law. *Morgan v. United States*, 323 F.3d 776, 780 (9th Cir. 2003). Because Plaintiff does not identify which federal constitutional rights

---

[1] Plaintiff's complaint does not use consistent numbering for the claims. The Court has renumbered the claims in sequential order.

2

Governor Hobbs allegedly violated, or show how the Governor, as a state official, acted under color of federal law, count one will be dismissed.

Plaintiff also asserts a claim under 42 U.S.C. § 1983 against Governor Hobbs and the County. Doc. 8 ¶¶ 83-94 (count two). Section 1983 allows plaintiffs to assert violations of their federal constitutional and statutory rights against an entity or individual acting under color of state law. Because she is proceeding *pro se*, the Court will assume Plaintiff brings her § 1983 claims for violation of her federal rights. The Court construes count two as asserting violations of the Fourteenth Amendment's Privileges or Immunities Clause and the Fifth and Fourteenth Amendment Due Process Clauses. Doc. 8 ¶ 83.

Violation of the Privileges or Immunities Clause "requires, at the least, a showing of interferences with a right of national citizenship, such as the right to travel." *Russell v. Hug*, 275 F.3d 812, 822 (9th Cir. 2002). Plaintiff asserts that Defendants violated her rights by "Recoupment of Prior Unscheduled Payments Under Subsequent AFDC Program." Doc. 8 ¶ 83.[2] Plaintiff appears to be challenging the decision of state actors to make ERAP funds available to different parts of the state on varying timeframes. *See id.* ¶ 85. This is not sufficient to allege that Plaintiff's rights of national citizenship have been violated.

Plaintiff also asserts that Defendants violated her Fifth and Fourteenth Amendment Due Process rights by "Terminat[ing] . . . AFDC Payments Without a Hearing or Procedure[.]" *Id.* ¶ 83. But Plaintiff was afforded a hearing to discuss the termination of her ERAP assistance. According to her complaint, Plaintiff received a hearing before an Administrative Law Judge (ALJ) on April 25, 2023. *Id.* ¶ 66. Although the ALJ ultimately ruled against her (*id.* ¶ 68), she was given an opportunity to be heard.

---

[2] Plaintiff's complaint mentions the "AFDC" program only twice, and does not explain its relevancy. Doc. 8 ¶ 83(2). The Court assumes Plaintiff intends to refer to the Emergency Rental Assistance Program (ERAP) payments discussed throughout the complaint. *See* Doc. 8.

3

Further, Plaintiff alleges no facts to suggest that either Defendant had a role in the hearing process. Count two will be dismissed.

### B. Section 1985 and 1981 Claims (Counts 4 and 7).

Plaintiff asserts that Governor Hobbs violated 42 U.S.C. § 1985(3) by preventing residents seeking emergency rental assistance from completing simultaneous applications for aid from separate government agencies. *Id.* ¶ 102 (count four). "[A]n indispensable element of a claim under 42 U.S.C. § 1985(3) is some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirator's action[.]" *Sprewell v. Golden State Warriors*, 266 F.3d 979, 989 (9th Cir. 2001). Plaintiff has not alleged such animus and therefore has not alleged a colorable claim under § 1985. Count four will be dismissed.

Plaintiff asserts that both Defendants have violated 42 U.S.C. § 1981. Doc. 8 ¶¶ 126-33 (count seven). Section 1981 provides that "[a]ll persons . . . shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." A claim brought under § 1981 "must initially identify an impaired 'contractual relationship,' under which the plaintiff has rights." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006). Plaintiff does not allege the existence of a contract or make any other factual allegations with respect to this claim.[3] Count seven will be dismissed.

### C. Constitutional Claims (Counts 3 and 6).

Plaintiff asserts a First Amendment retaliation claim against Governor Hobbs. Doc. 8 ¶¶ 95-98.[4] She claims that ADES employees retaliated against her after she made a discrimination complaint to the department of Equal Employment and Opportunity, and

---

[3] It appears Plaintiff pasted the Ninth Circuit Model Jury Instructions for this claim. *See Discrimination in Making and Enforcing Contracts (42 U.S.C. § 1981)*, United States Courts for the Ninth Circuit, https://www.ce9. uscourts.gov/jury-instructions/node/1220.

[4] Although the title of the claim suggests it is being brought against both Defendants, Plaintiff alleges facts with only respect to Governor Hobbs.

4

that Governor Hobbs was responsible for the retaliatory activity as the final policymaker for the office. *Id.* ¶ 96.  To state a claim for First Amendment retaliation, a plaintiff must allege that "(1) [s]he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity, and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." *Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1053 (9th Cir. 2019).  Plaintiff does not specify what adverse action Governor Hobbs took as a result of her discrimination complaint.  She asserts only that Hobbs "creat[ed] deprivation and violation of Plaintiff's rights . . . carried out in retaliation," and that "Hobbs took an adverse employment action against the plaintiff," (Doc. 8 ¶ 97) but she does not allege that she was an employee of the State or that Governor Hobbs otherwise acted to chill her speech.  Count three will be dismissed.

Plaintiff asserts a Fourth Amendment claim against both Defendants.  *Id.* ¶¶ 119-25 (count six).  Plaintiff alleges that employees working under the direction of Governor Hobbs improperly accessed the personal financial information that she provided the State when applying for ERAP assistance.  She alleges that the search was done in the open, without safeguards for her private financial information, and that the reckless handling required her to close her financial accounts.  *Id.* ¶ 119, 121, 125.

Plaintiff does not allege any facts with respect to Maricopa County.  For Governor Hobbs, Plaintiff fails to allege the identity of employees acting under Governor Hobbs' direction, the date of the alleged search, any specifics regarding the search, or the purported financial accounts at issue.  Count six will be dismissed.

### D. Deprivation of Rights Under Color of Law (Count 5).

Plaintiff asserts a claim under 18 U.S.C. § 242 (deprivation of rights under color of law) against both Defendants.  *Id.* ¶¶ 110-18.  The Ninth Circuit has held that § 242 does not create a private right of action.  *Fechter v. Shiroky*, 59 F.3d 175 at *4 (9th Cir. 1995).  Count 5 will be dismissed.

/ / /

5

### E.  Fraud and Anti-Competition Claims (Counts 8 and 9)

Plaintiff asserts a fraud claim against both Defendants (count 8).  It is not clear what specific claim Plaintiff is asserting.  The complaint cites 31 U.S.C. § 1341 (the Anti-Deficiency Act) and 18 U.S.C. §§ 286 (deprivation of rights under color of law), 371 (conspiracy to commit mail and wire fraud), 1341 (mail fraud), 1345 (injunctions against fraud) and 1349 (attempt and conspiracy).  Doc. 8 ¶¶ 135-44.  Plaintiff alleges that one or more of these federal statutes was violated when Defendants withheld her ERAP assistance.  *Id.* ¶ 136.  But none of these statutes provide Plaintiff with a private right of action.  *See, e.g.*, *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *see also Thurston v. United States*, 696 F. Supp. 680, 683 (D.D.C. 1988) (no private right of action under 31 U.S.C. § 1341).  To the extent Plaintiff is asserting a tort claim of fraud against Defendants, she has not pled fraud with particularity as required by Federal Rule of Civil Procedure 9(b).  The complaint "must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation."  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citations omitted).  Plaintiff has not done so, and count 8 will be dismissed.

Plaintiff also asserts a claim against both Defendants for "Violations of Federal Rights Under Anti-Competition Law."  Doc. 8 at 31.  Because Plaintiff does not identify the legal basis for this claim, count 9 will be dismissed.

### F.  Other Asserted Claims (Counts 10-26).

The final five pages of Plaintiff's complaint include numerous, difficult to decipher claims.[5]  The claims are either duplicative of those already addressed by the Court or are

---

[5] These appear to include claims under 42 U.S.C. § 1983, the Anti-Deficiency Act, and the Fourteenth Amendment, and claims alleging conspiracy to defraud, negligence, breach of contract, failure to convey real property, deprivation of civil rights, fraud in the inducement, due process violations, fraudulent misrepresentation, presentation of false statements, and the withholding of federally funded assistance.  *See* Doc. 8 at 31-35.

6

stated without accompanying factual allegations. Doc. 8 at 31-35. The Court will dismiss all remaining claims.

**IT IS ORDERED:**

1. The Clerk is directed to re-open Plaintiff's case, which was inadvertently closed when it appeared she had not filed the FAC.

2. Plaintiff's first amended complaint (Doc. 8) is **dismissed without prejudice**.

3. Plaintiff shall have until **September 10, 2024** to file a second amended complaint. If Plaintiff fails to file an amended complaint by that date, the Clerk is instructed to dismiss this case and close the file.

Dated this 13th day of August, 2024.

David G. Campbell
Senior United States District Judge